IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA



FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

APR - 1 2026

KEVIN P. WEIMER, Clerk
By:_____ Deputy Clerk

| | | |
|---|---|---|
| FREDDIE JOHNSON,<br>    PLAINTIFF | } | |
| | } | **JURY TRIAL DEMANDED** |
| v. | } | |
| | } | |
| SANTANDER CONSUMER USA INC.,<br>TRANS UNION LLC, ORION CAPITAL<br>SOLUTIONS LLC, AND LVNV FUNDING<br>LLC,<br>    DEFENDANTS | }<br>}<br>}<br>}<br>} | **CASE No.** 2:26-CV-0090 |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I.  INTRODUCTION

1.  This is an action for damages brought by individual consumer Freddie Johnson, against Defendant Santander Consumer USA Inc. ("Santander") and Trans Union LLC ("Transunion") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and Defendants Orion Capital Solutions ("OCS") and LVNV Funding LLC ("LVNV") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### II.  JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 15 U.S.C. § 1681(p), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. The venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

### III.  PARTIES

3.    Plaintiff is a natural person residing in Lawrenceville, Georiga.

4.    Plaintiff is a "consumer" as defined under 15 U.S.C. § 1681a(c) of the FCRA.

5.    Santander is a "furnisher of information" as defined under 15 U.S.C. § 1681s-2 of the FCRA.

6.    Transunion is a "consumer reporting agency" that compiles and maintains files on consumers nationwide, as defined under 15 U.S.C. § 1681a(p) of the FCRA. Transunion is regularly engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties regarding a consumer's creditworthiness, credit standing, or credit capacity.

7.    OCS is a "debt collector" defined under 15 U.S.C. § 1692a(6) of the FDCPA.

8.    OCS is engaged in the collection of debt from consumers using the mail and telephone. OCS regularly attempts to collect consumers' debt alleged to be due to another. The alleged debt arose from a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined under 15 U.S.C. § 1692a(5) of the FDCPA.

9.    LVNV is a "debt collector" defined under 15 U.S.C. § 1692a(6) of the FDCPA.

10.    LVNV is engaged in the collection of debt from consumers using the mail and telephone. LVNV regularly attempts to collect consumers' debt alleged to be due to another. The alleged debt arose from a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined under 15 U.S.C. § 1692a(5) of the FDCPA.

## IV.    FACTUAL ALLEGATIONS

*Facts related to Written Dispute*

11.    On or around December 13th, 2025, Plaintiff obtained a copy of his consumer credit disclosure from TransUnion.

12.    The consumer credit disclosure contained false, inaccurate, and incomplete information, including but not limited to:

- **Addresses:**
    a. 780 MOROSGO DR NE UNIT 14087, ATLANTA GA, 30324-9043
    b. 905 CIMARRON PKWY, ATLANTA GA, 30350-4810
    c. 2175 LENOX RD NE APT NEC6, ATLANTA GA, 30324-4733
    d. PO BOX 14087, ATLANTA GA, 30324-1087
    e. 4623 S URBAN WAY APT 05, MURRAY UT, 84107-3846
    f. 2329 CHESHIRE BRIDGE RD NE STE 110, ATLANTA GA, 30324
    g. 2461 KENNEDY LN SW, MARIETTA GA, 30060-6612
    h. 920 HALL ST NW, ATLANTA GA, 30318-4715
    i. 4531 GOLD CREEK TRL, SUGAR HILL GA, 30518-2873
    j. 4513 GOLD CREEK TRL, SUGAR HILL GA, 30518-2873
    k. 254 BRANDON RIDGE CIR, STOCKBRIDGE GA, 30281-6466

- **Phone Numbers**
    a. (770) 207-0215 (615) 918-0922
    b. (518) 445-5170
    c. (404) 343-4897
    d. (404) 645-4868
    e. (518) 743-2568
    f. (518) 496-4120

g. (518) 209-9780

h. (518) 209-9870

i. (518) 434-6816

j. (518) 465-9786

k. (518) 459-7718

l. (518) 434-0808

- **Accounts:**

    a. LENDINGPOINT LLC - LAI0054****

    b. NAVY FEDERAL CR UNION - 500001406095542168****

    c. SANTANDER CONSUMER USA - 3000023806473****

    d. WELLS FARGO CARD SERV - 446542037044****

13. On or around February 15th, 2026, Plaintiff mailed a written dispute letter to TransUnion via USPS Certified Mail (Tracking # 9207 1902 3589 0900 0037 6395 81). The addresses, phone numbers, and accounts listed in the letter were described and spelled out for Transunion to understand. **See Exhibit A.**

14. On or around February 20th, 2026, Transunion received Plaintiff's dispute letter.

15. Upon Plaintiff's request for verification, and in accordance with its standard procedures, Transunion did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any attempt to substantially or reasonably verify the addresses, phone numbers, and accounts listed in Plaintiff's dispute letter.

16. Instead, Transunion continued to report false, inaccurate, incomplete, or unverifiable information regarding the addresses, phone numbers, and accounts listed in Plaintiff's consumer credit disclosure.

### A. Personal Information

17.    Transunion continued to inaccurately report twenty-three (23) items of personally identifiable information, including incorrect addresses and phone numbers in Plaintiff's consumer disclosure.

18.    Plaintiff provided a copy of her Driver's License, Social Security Card, and Utility Bill, which more than sufficiently verified his identity and provided Transunion with all information necessary to conduct a reasonable investigation and promptly correct or delete the inaccurate personally identifiable information.

19.    Had Transunion looked in even the most cursory way at the dispute letter, it would have seen that the errors were obvious, and the personally identifiable information would have been corrected or deleted.

### B. Accounts

20.    Transunion continued to inaccurately report information regarding four (4) accounts, including balances, payment histories, balance histories, remarks, and the statuses of these accounts.

21.    Transunion failed to report the Date of First Delinquency for these accounts. The Date of First Delinquency is used to ensure compliance with the Fair Credit Reporting Act, and it *must* be reported according to the Consumer Data Industry Association (CDIA), Credit Reporting Resource Guide (Metro 2® Guidelines).

22.    Upon information and belief, each furnisher reported the Date of First Delinquency for its respective account; however, Transunion refused to include it in Plaintiff's credit file.

23.    Had Transunion looked in even the most cursory way at the dispute letter, it would have seen that the errors were obvious, and the accounts would have been corrected or deleted.

24. Without any explanation or reason, Transunion continues to report this false and inaccurate information about Plaintiff, resulting in the derivation of a credit score that does not accurately reflect Plaintiff's creditworthiness.

**C. Damages**

25. Transunion has refused to invest the time, money, and effort to carry out its obligations under the FCRA.

26. Transunion negligently, recklessly, and/or willfully violated the requirement of a reasonable investigation as required under the FCRA.

27. Transunion has continued to report, even after Plaintiff mailed a letter disputing the inaccurate addresses, phone numbers, and accounts, and thus failed to use all reasonable procedures to assure maximum possible accuracy of Plaintiff's credit file.

28. The result is that obviously wrong, inaccurate, and/or incomplete information regarding the addresses, phone numbers, and accounts were allowed to remain on Plaintiff's credit file.

29. Transunion has allowed users to access Plaintiff's consumer report before the dispute, during the dispute time period, and even after the investigations (if any) were completed.

30. Certainly, after Plaintiff notified Transunion, they knew the addresses, phone numbers, and accounts should not and could not remain on Plaintiff's credit file unless corrected.

31. However, Transunion refused not only to conduct a proper reinvestigation under Section 1681i but also refused to remove the Accounts under Section 1681e(b), which is the maximum possible accuracy.

32. By allowing the addresses, phone numbers, and accounts to remain on Plaintiff's credit file with the inaccurate, incomplete, unverifiable, and/or contradictory information,

Transunion created and allowed misleading information which more likely than not misled users of Plaintiff's credit file prepared by Transunion, to believe Plaintiff's credit file was 100% accurate and should be considered when evaluating Plaintiff for whatever purpose the users had when accessing Plaintiff's credit file.

33.    On or around February 18th, 2026, Plaintiff was denied a $10,000 personal loan from LendingClub Bank, which obtained information from Transunion, and used that information in making their credit decision.

34.    As a result of the conduct, action, and inaction of Transunion, Plaintiff has suffered actual damages, including but not limited to decreased FICO score, inability to obtain a personal loan, inability to purchase and benefit from credit, damage to reputation, emotional distress, mental anguish, frustration, anger, embarrassment, and humiliation.

*Facts related to Santander Consumer USA*

35.    Upon information and belief, Transunion notified Santander of the dispute.

36.    Upon information and belief, Santander received notification of Plaintiff's dispute from Transunion and processed the dispute accordingly.

37.    However, Santander verified the account as accurate.

38.    Despite Plaintiff's dispute, Santander continued to report false, inaccurate, incomplete, or unverifiable information regarding the account.

39.    On a date better known by Santander, the account had been sold to Jefferson Capital Systems, and the balance on the account was updated to $0.

40.    However, Santander continued to inaccurately report the account with a $9,302 balance.

41. Because Santander no longer owned the alleged debt, their reporting of a $9,302 balance was patently inaccurate. The account should have reflected a zero balance.

42. Adding further injury to insult, Santander failed to update the account as disputed, which is a material violation.

43. Santander failed to conduct a reasonable investigation, failed to correct and/or delete information they knew to be inaccurate, incomplete, or unverifiable, failed to contact Plaintiff or any third-parties, and failed to review underlying account information with respect to the disputed information and the accuracy of the disputed information.

44. Instead of conducting a reasonable investigation, Santander erroneously validated the account and reported and continues to report inaccurate information about Plaintiff to Transunion.

45. Transunion failed to conduct a reasonable investigation, failed to correct and/or delete information they knew or should have known to be inaccurate, incomplete, or unverifiable, failed to contact Plaintiff or any third-parties, and failed to review underlying account information with respect to the disputed information and the accuracy of the disputed information.

46. Transunion employed an investigation process that was not reasonable and did not remove the inaccurate information identified in Plaintiff's dispute.

47. Transunion employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported in Plaintiff's credit file.

48. The sole reason the inaccurate information was included in Plaintiff's credit report was that Transunion failed to follow reasonable procedures to ensure the maximum possible accuracy of the information when it prepared Plaintiff's credit report and credit file.

49. Without any explanation or reason, Santander and Transunion continues to report this false, inaccurate, incomplete, or unverifiable information about Plaintiff.

50. On or around February 18th, 2026, Plaintiff was denied a $10,000 personal loan from LendingClub Bank, which obtained information from Transunion, and used that information in making their credit decision.

51. As a result of the conduct, action, and inaction of Santander and Transunion, Plaintiff has suffered actual damages, including but not limited to decreased FICO score, inability to obtain a personal loan, inability to purchase and benefit from credit, damage to reputation, emotional distress, mental anguish, frustration, anger, embarrassment, and humiliation.

*Facts related to Orion Capital Solutions*

52. On or around January 16th, 2026, Plaintiff received a text message from OCS, placed from phone number (239) 579-4677, attempting to collect a debt allegedly owed to Ceteris Portfolio Services, LLC.

53. On or around February 3rd, 2026, Plaintiff replied to the text message stating, "I refuse to pay", pursuant to 15 U.S.C. § 1692c(c).

54. Despite receiving Plaintiff's notice, OCS continued its attempt to contact Plaintiff by email on February 18th, 2026, March 6th, 2026, March 10th, 2026, and March 23rd, 2026, in violation of 15 U.S.C. § 1692c(c).

55. Plaintiff fears that without this complaint, OCS will continue to contact him.

56. As a result of the conduct, action, and inaction of OCS, Plaintiff has suffered actual damages, including but not limited to anger, loss of productive time, harassment, emotional distress, invasion of privacy, mental anguish, and frustration.

*Facts related to LVNV Funding LLC*

57.    On or around December 13th, 2025, Plaintiff received an email from LVNV attempting to collect a debt in the amount of $498 allegedly owed to Capital One.

58.    On or around December 15th, 2025, Plaintiff replied to the email stating, "I refuse to pay", pursuant to 15 U.S.C. § 1692c(c).

59.    After receipt of Plaintiff's email, LVNV engaged in conduct in connection with the collection of the debt by placing, transferring, or otherwise referring the account to Credit Control, LLC for the purpose of collection.

60.    At all times relevant, LVNV remained the owner of the debt and authorized Credit Control, LLC to act in connection with the collection of such debt.

61.    Credit Control, LLC acted on behalf of LVNV and as LVNV's agent in connection with the collection of the debt.

62.    Following LVNV's placement of the account, Plaintiff received a letter in connection with the collection of the same debt from Credit Control, LLC.

63.    By engaging in conduct in connection with the collection of the debt and causing further communications with Plaintiff with respect to such debt after receipt of Plaintiff's written refusal to pay, LVNV violated 15 U.S.C. § 1692c(c).

64.    Plaintiff fears absent this complaint, LVNV will continue to contact him.

65.    As a result of the conduct, action, and inaction of LVNV, Plaintiff has suffered actual damages, including but not limited to anger, loss of productive time, harassment, emotional distress, invasion of privacy, mental anguish, and frustration.

**V.    COUNT 1**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**AGAINST DEFENDANT TRANS UNION LLC**

66.    Plaintiff incorporates by reference paragraphs 1-51 of this Complaint.

67.    After receiving the dispute, Transunion failed to correct the false information reporting on Plaintiff's credit report and/or credit file.

68.    Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

69.    As a result of the conduct, action, and inaction of Transunion, Plaintiff has suffered actual damages, including but not limited to decreased FICO score, inability to obtain a personal loan, inability to purchase and benefit from credit, damage to reputation, emotional distress, mental anguish, frustration, anger, embarrassment, and humiliation.

70.    The conduct, action, and inaction of Transunion were willful, rendering Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

71.    In the alternative, Transunion was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

72.    Plaintiff is entitled to recover costs from Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## VI.    COUNT 2
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST DEFENDANT TRANS UNION LLC

73.    Plaintiff incorporates by reference paragraphs 1-51 of this Complaint.

74.    After receiving the dispute, Transunion failed to correct the false information reported on Plaintiff's credit report and/or credit file.

75.    Transunion violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation, failing to provide notification of the dispute to any person who provided any item

of information in dispute, and failing to delete information that was inaccurate, incomplete, or cannot be verified.

76. Without any explanation or reason, Transunion continues to report this unverifiable, inaccurate, and otherwise incomplete information about Plaintiff.

77. As a result of the conduct, action, and inaction of Transunion, Plaintiff has suffered actual damages, including but not limited to decreased FICO score, inability to obtain a personal loan, inability to purchase and benefit from credit, damage to reputation, emotional distress, mental anguish, frustration, anger, embarrassment, and humiliation.

78. The conduct, action, and inaction of Transunion were willful rendering Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

79. In the alternative, Transunion was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

80. Plaintiff is entitled to recover costs from Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## VII. COUNT 3
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)
### AGAINST DEFENDANT SANTANDER CONSUMER USA INC.

81. Plaintiff incorporates by reference paragraphs 1-10 and 35-51 of this Complaint.

82. After receiving the dispute, Santander failed to correct the false information reported on Plaintiff's credit report and/or credit file.

83. Santander violated 15 U.S.C. § 1681s-2(b) by failing to fulfill its obligations as a furnisher upon receiving notice of a dispute.

84. Santander violated multiple sections of 15 U.S.C. § 1681s-2(b), including but not limited to: [a] failing to conduct a reinvestigation with respect to the disputed information; [b]

failing to report the results of the investigation to the consumer reporting agency; [c] failing to report accurate information to the consumer reporting agencies after a dispute including Transunion and other consumer reporting agencies known and unknown; and [d] failing to delete the incomplete and/or inaccurate information.

85.     As a result of the conduct, action, and inaction of Santander, Plaintiff has suffered actual damages, including but not limited to decreased FICO score, inability to obtain a personal loan, inability to purchase and benefit from credit, damage to reputation, emotional distress, mental anguish, frustration, anger, embarrassment, and humiliation.

86.     Santander's conduct, action, and inaction were willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

87.     In the alternative, Santander was negligent, Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

88.     Plaintiff is entitled to recover costs from Santander pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## VIII.   COUNT 4
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c(c)
## AGAINST DEFENDANT LVNV FUNDING LLC

89.     Plaintiff incorporates by reference paragraphs 1-10 and 57-65 of this Complaint.

90.     LVNV violated the Fair Debt Collection Practices Act.

91.     LVNV violated 15 U.S.C. § 1692c(c) of the FDCPA by failing to cease collection after receiving written notice.

92.     As a result of the above violations of the FDCPA, LVNV is liable to Plaintiff for actual damages, statutory damages, and costs.

## IX.     COUNT 5

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c(c)
## AGAINST DEFENDANT ORION CAPITAL SOLUTIONS LLC

93.    Plaintiff incorporates by reference paragraphs 1-10 and 52-56 of this Complaint.

94.    OCS violated the Fair Debt Collection Practices Act.

95.    OCS violated 15 U.S.C. § 1692c(c) of the FDCPA by failing to cease collection after receiving written notice.

96.    As a result of the above violations of the FDCPA, OCS is liable to Plaintiff for actual damages, statutory damages, and costs.

## X.    JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendants' for:

A.  The greater of statutory damages of $1,000 per incident and Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

B.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

C.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

E.  Costs of the action pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2), and 15 U.S.C. § 1692k(a)(3); and

F.  Any other equitable relief the court may deem just and appropriate.

Respectfully Submitted,

Dated: April 1st, 2026                    By: __/s/ Freddie Johnson_____

Freddie Johnson - Pro Se Plaintiff
2210 Golden Valley Dr
Lawrenceville, GA 30043
(404) 645-4568
freddieljohnsoniii@gmail.com